```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MARLANA PATRICK,                    :
    Plaintiff,                      :
                                    :
v.                                  : Civil No. 3:15CV1445 (AWT)
                                    :
CAROLYN W. COLVIN,                  :
ACTING COMMISSIONER OF SOCIAL       :
SECURITY,                           :
    Defendant.                      :
```

## ORDER REMANDING CASE

For the reasons set forth below, the decision of the Commissioner is reversed and this case is remanded for additional proceedings consistent with this order.

The court's function when reviewing a denial of disability benefits is first to ascertain whether the Commissioner applied the correct legal principles in reaching a conclusion, and then whether the decision is supported by substantial evidence. See Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987). Absent legal error, this court may not set aside the decision of the Commissioner if it is supported by substantial evidence. See Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).

The defendant argues that the ALJ properly considered the medical opinions of record. The ALJ's opinion contains a detailed analysis of the medical record that is persuasive in all but one important respect. The opinion states that "[i]n

finding that the claimant has the residual functional capacity found herein, the undersigned has taken into account treating and examining sources Drs. Cheng, McGibbon and Vanbeek, as well as, other treating and examining sources' findings of the claimant's physical functioning and given it weight." (Tr. 26) The opinion then goes on to state that the ALJ gives great weight to the statements and opinions of "treating and examining physicians Drs. McGibbon and Vanbeek" and gives "partial weight to Dr. Cheng's statements and opinions, to the extent that they support that the claimant's overall physical function[] does not preclude her performing all activities of daily living." (Tr. 26). The opinion then states that the ALJ "has given minimal weight to Dr. Cheng's November 2014 report." (Tr. 26).

Thus it is apparent that Dr. McGibbon's statements and opinions have been given material weight by the ALJ in reaching her conclusions. However, the court cannot locate in the record the purported statements and opinions by Dr. McGibbon. The opinion states that

> Treating physician, Bruce McGibbon, M.D. indicated that although the claimant had only partially met her goals, she was expected to have continued progress and improvement, particularly after obtaining her prescribed compression garment. At the time of discharge, Dr. McGibbon reported that the claimant had mildly decreased right shoulder range of motion of 4-5. Dr. McGibbon diagnosed the claimant with lymphedema and shoulder joint region pain, and recommended she continue her therapeutic exercises at home (Exhibit 17F, pgs. 146-156).

2

(Tr. 24). However, Exhibit 17F is the notes from the physical therapist to whom Dr. McGibbon referred the plaintiff. (See Tr. 832 (referring physician Bruce McGibbon).) Later in the opinion, the ALJ states "Dr. McGibbon noted that the claimant reported experiencing no pain or swelling (Exhibit 16F, pg. 116; and 20F, pgs. 1 and 6)." (Tr. 25). Again this is a statement by the physical therapist, not by Dr. McGibbon.

"[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2)); see also Mariani v. Colvin, 567 F. App'x 8, 10 (2d Cir. 2014) ("A treating physician's opinion need not be given controlling weight where it is not well-supported or is not consistent with the opinions of other medical experts" where those other opinions amount to "substantial evidence to undermine the opinion of the treating physician"). "The regulations further provide that even if controlling weight is not given to the opinions of the treating physician, the ALJ may still assign some weight to those views, and must specifically explain the weight that is actually given to the opinion." Schrack v. Astrue, 608 F. Supp. 2d 297, 301

3

(D. Conn. 2009) (citing <u>Schupp v. Barnhart</u>, No. Civ. 3:02CV103 (WWE), 2004 WL 1660579, at *9 (D. Conn. Mar. 12, 2004)).  It is "within the province of the ALJ to credit portions of a treating physician's report while declining to accept other portions of the same report, where the record contained conflicting opinions on the same medical condition."  <u>Pavia v. Colvin</u>, No. 6:14-cv-06379 (MAT), 2015 WL 4644537, at *4 (W.D.N.Y. Aug. 4, 2015) (citing <u>Veino v. Barnhart</u>, 312 F.3d 578, 588 (2d Cir. 2002)).

In determining the amount of weight to give to a medical opinion, the ALJ must consider several factors: the examining relationship, the treatment relationship (the length, the frequency of examination, the nature and extent), evidence in support of the medical opinion, consistency with the record, specialty in the medical field, and any other relevant factors.  20 C.F.R. § 404.1527.  In the Second Circuit, "all of the factors cited in the regulations" must be considered to avoid legal error.  <u>See</u> <u>Schaal v. Apfel</u> 134 F.3d 496, 504 (2d Cir. 1998).

Here, because the ALJ's opinion does not actually cite to statements and opinions of Dr. McGibbon, the court cannot conclude that the decision to put the greater weight on, among other things, the statements and opinions of Drs. McGibbon and Vanbeek than on the statements and opinions of Dr. Cheng to

which the ALJ gave minimal or partial weight was supported by substantial evidence.

The court notes that the defendant accurately cites to Section E of Listing 13.10 as providing: "With secondary lymphedema that is caused by anticancer therapy and treated by surgery to salvage or restore the functioning of an upper extremity." 20 C.F.R. Part 404, Subpart P, Appendix 1 (emphasis added). The defendant then argues that the plaintiff admits that she did not undergo surgery to treat lymphedema. However, the applicable requirement is that the plaintiff's condition "meet or equals" a listed impairment (20 C.F.R. § 416.920(a)(4)(iii)), and the plaintiff argues that her condition medically equalled a listed impairment. This point should be addressed on remand.

For the reasons set forth above, Plaintiff's Motion for Order Reversing the Decision of the Commissioner or In the Alternative Motion for Remand for a Hearing (Doc. No. 15) is hereby GRANTED, and Defendant's Motion for an Order Affirming the Decision of the Commissioner (Doc. No. 18) is hereby DENIED. This case is hereby REMANDED to the Commissioner for rehearing consistent with this ruling.

The Clerk shall close this case.

It is so ordered.

Dated this 29th day of March 2017, at Hartford, Connecticut.

                                                     /s/AWT
                                       Alvin W. Thompson
                         United States District Judge